IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL BRACEY, # 30250-037            *

    Petitioner                              *        Civil Action No. DKC-12-1356

                                            *

WARDEN

                                            *

    Respondent

                                           ***

**MEMORANDUM OPINION**

On May 3, 2012, Darrell Bracey filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, recognizing that a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 would be time-barred. Petition at 9. Bracey requests "relief from sentence" in Criminal Action DKC -94-241 (D. Md), Complaint at 10, and raises the following claims: 1) he received ineffective assistance of appellate counsel; 2) he was improperly sentenced to the statutory maximum; 3) the prosecution unlawfully suppressed exculpatory evidence at trial; and 4) the government knowingly used false and fabricated evidence against him. *See id*. at 4-6.

    I.    Background

Bracey is serving a 360-month sentence for participating in a heroin and cocaine conspiracy. *See United States v. Bracey*, Criminal Action No. DKC- 94-241. Bracey filed a Motion to Vacate pursuant to 28 U. S.C. § 2255 that was denied in Civil Action No. DKC-97-4289 (D. Md. 1999). On June 21, 2012, this court denied Bracey's earlier filed §2241 petition in *Bracey v. Warden*, Civil Action No. DKC-12-760 (D. Md).

    II.    Legal Standard and Discussion

Collateral attacks on federal convictions and sentences are properly brought pursuant to 28 U.S.C. § 2255. *See In re Vial*, 115 F. 3d 1192, 1194 (4th Cir. 1997). A Motion to Vacate, Set

Aside or Correct filed pursuant to 28 U.S.C § 2255 may be inadequate and ineffective[1] to challenge the legality of a sentence where: "1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones,* 226 F. 3d at 333-34.  Here, Bracey claims actual innocence and posits that § 2555 provides inadequate or ineffective redress because he "only became aware of these claims recently and they were all discovered after the 2255 clock had expired." *Id*. at 9. [2]

Bracey must first establish that he is entitled to review under § 2241 by meeting the criteria set forth above before his claim of actual innocence can be considered.  See *Bousley v. United States*, 523 U.S. 614, 623 (1998).  The crimes for which Bracey was convicted remain criminal offenses and he fails to satisfy *Jones*; thus, he cannot demonstrate that § 2255 is inadequate or ineffective such that he may proceed under § 2241.  Additionally, the Petition challenges only Bracey's sentence, not his underlying conviction.  The Fourth Circuit has thus far declined to extend the scope of the savings clause to such claims.  *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).  For these reasons, the Petition will be denied.

---

[1] 28 U.S.C § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

[2]  The fact that a § 2255 motion is time-barred does not render a § 2255 motion "inadequate or ineffective" under § 2255(e). *See In re Jones*, 226 F.3d at 333 ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In re Vial,* 115 F.3d 1192, 1194 n. 5 (4th Cir.1997) (holding that the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a § 2255 motion).

III.     Certificate of Appealability

A Certificate of Appealability may issue …. only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C § 2253 (c) (2).  The standard is satisfied by demonstrating that reasonable jurists would find this court's assessment of the constitutional claims presented debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001).  This legal standard for issuance has not met.

IV.     Conclusion

For the reasons set forth above, the Court shall deny the Motion and decline to issue a Certificate of Appealability.  A separate Order follows.


Date:   July 2, 2011                                        /s/
                                                      DEBORAH K. CHASANOW
                                                      United States District Judge